IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
THOMAS KELLY, JR., *et al.*,           :
    Plaintiffs,                      :
                                     :
    v.                               :    CIVIL ACTION NO. 16-2963
                                     :
CITY OF PHILADELPHIA,                  :
    Defendant.                       :
_____ :

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                                             **January 10, 2017**

    Before the Court is the motion to dismiss of Defendant City of Philadelphia (Doc. No. 6). For the reasons that follow, the motion will be granted.

    Plaintiffs Thomas Kelly, Jr. and Donald S. Sabatini commenced this action on April 8, 2016, in the Philadelphia Court of Common Pleas, and the case was removed to federal court on June 14, 2016.[1] Plaintiffs' original complaint named the "Philadelphia Water Department" as the sole Defendant and sought approximately $27,000 in damages for alleged violations of due process under 42 U.S.C. § 1983.[2]

    Specifically, Plaintiffs alleged that they purchased a delinquent mortgage on a property in 2002.[3] On August 26, 2013, the property was sold at a sheriff's sale due to unpaid taxes.[4] Plaintiffs allege that they should have received approximately $27,000 from the sale, representing the value of the mortgage at that time.[5] However, Plaintiffs received no funds from

---

[1] Doc. No. 1. Plaintiffs' sole cause of action is for violation of federal due process rights, and this Court therefore has jurisdiction under 28 U.S.C. § 1331.

[2] *Id.* at 10-14 (ECF pagination).

[3] *Id.* at 11.

[4] *Id.*

[5] *Id.*

the sale because the property was subject to super-priority water liens held by the Philadelphia Water Department due to unpaid water bills.[6] Plaintiffs allege that this ran contrary to the Water Department's "policy of routinely shutting off water service . . . when a customer reaches a delinquent balance of roughly $150," and deprived them of the value of their mortgage in violation of their due process rights.[7]

Defendant moved to dismiss on several grounds, and Plaintiffs did not respond.[8] By Order dated September 15, 2016, the Court granted the motion without prejudice because the Philadelphia Water Department is not an entity capable of being sued.[9] Plaintiffs then filed an amended complaint that named the City of Philadelphia as Defendant, but did not otherwise materially change any allegations.[10] Defendant again moved to dismiss, and Plaintiffs again did not respond.[11] The Court will now resolve Defendant's motion on the merits.

Defendant argues: (1) that Plaintiffs fail to state a claim for municipal liability under *Monell v. Department of Social Services of New York City*;[12] (2) that Plaintiffs fail to state a Fourteenth Amendment claim because they have not stated either a procedural or substantive due process claim; and (3) that Plaintiffs' claim is barred by the statute of limitations.[13] Because the Court concludes that Plaintiffs' claim is barred by the statute of limitations, the Court does not consider Defendant's other arguments.

---

[6] *Id.* at 12.

[7] *Id.* at 13.

[8] Doc. No. 2.

[9] Doc. No. 4. As explained in the Court's Order, the City of Philadelphia is instead the proper Defendant.

[10] Doc. No. 5.

[11] Doc. No. 6.

[12] 436 U.S. 658 (1978).

[13] Doc. No. 6.

Claims under § 1983 are subject to a two-year statute of limitations under Pennsylvania law.[14] The statute of limitations began to run when Plaintiffs knew or should have known of the injury that constitutes the basis for their claim.[15] Here, Plaintiffs allege that the property at issue was sold on August 26, 2013, and that for "many months" prior to that time, the property had accumulated unpaid water bills, but Plaintiffs did not file suit until April 8, 2016.[16] Plaintiffs do not allege that they lacked notice of the sheriff's sale, or that anything prevented them from discovering the existence of the delinquent water bills prior to the sale. Thus, at the latest, Plaintiffs knew or should have known of the water liens by the date of the sheriff's sale, and Plaintiffs' complaint, filed more than two years later, is untimely.[17]

Defendant argues that Plaintiffs' claims should be dismissed with prejudice, and as noted, Plaintiffs have not responded or otherwise requested leave to amend. Thus, Defendant's motion to dismiss will be granted with prejudice, as Plaintiffs' claims are time-barred and leave to amend would be futile.[18] An appropriate Order follows.

---

[14] *E.g.*, *Jackson v. Nicoletti*, 875 F. Supp. 1107, 1108-09 (E.D. Pa. 1994).

[15] *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

[16] Doc. No. 5 ¶¶ 10, 21.

[17] *Cf. Tripodi v. N. Coventry Twp.*, Civil Action No. 12-4156, 2013 WL 4034372, at *8 (E.D. Pa. Aug. 8, 2013) (dismissing § 1983 claim concerning forced sale of property as untimely where lawsuit was brought more than two years after the court order requiring the sale of the property was issued).

[18] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (explaining that leave to amend can be denied as futile); *see also Rauser v. Glazier*, Civil Action No. 94-1058, 1994 WL 418988, at *2-3 (E.D. Pa. Aug. 10, 1994) (dismissing complaint with prejudice after concluding it was time-barred).